IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MORRIS INDUSTRIAL CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0326-WS-B |
| ) | |
| **WEYERHAEUSER COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the defendant's motion to transfer. (Doc.19). The plaintiff has filed a response and the defendant a reply, (Docs. 24, 29), and the motion is ripe for resolution. After carefully considering the foregoing materials, the Court concludes that the motion to transfer is due to be denied.

## BACKGROUND

The plaintiff and the defendant entered a contract pursuant to which the plaintiff was to design, build and install a lumber sorter and stacker system ("the System") for the defendant. The design, manufacture and initial testing of the System occurred at the plaintiff's Mobile, Alabama facility. Installation occurred at the defendant's New Bern, North Carolina facility.

The contract price was $815,802, payable in stages as progress payments. The defendant made some of these payments but did not pay the final $123,161. Nor did the defendant pay $20,450 for change orders submitted during installation. The plaintiff sues for these amounts. The defendant counterclaims that the System was defective, that it was required to expend its funds to correct the defects (including damage to an adjacent strapper machine during installation of the System), and that it lost profits as a result of the downtime required to effect these repairs. The defendant seeks damages of $611,145.87.

## DISCUSSION

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The defendant argues that this action should be transferred to the Eastern District of North Carolina pursuant to Section 1404(a).

It is undisputed that subject matter jurisdiction, personal jurisdiction and venue all are proper in the Eastern District of North Carolina, which is therefore a district in which this action "might have been brought." *See, e.g., Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1104 n.5, 1107 (5th Cir. 1981).

"[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re: Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The defendant begins this exercise with a handicap, because "[t]he federal courts traditionally have accorded a plaintiff's choice of forum considerable deference," *id.*, so that the defendant must show that the plaintiff's choice is "'clearly outweighed by other considerations.'" *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)(quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981), *cert. denied*, 456 U.S. 919 (1982)). The defendant acknowledges, if reluctantly, its heavy burden. (Doc. 19 at 14).

To meet this challenge, the defendant notes that its "key witnesses" live in North Carolina and Canada. (Doc. 19 at 9-10). Because the defendant has not attempted to support the facially implausible proposition that it is more convenient for witnesses to travel from Alberta or British Columbia[1] to North Carolina than to Alabama, the Canadian witnesses may be ignored.

The defendant identifies four "key witnesses" residing in North Carolina, but the plaintiff identifies a similar number residing in Alabama. (Doc. 24 at 3; Williamson Affidavit, ¶¶ 5, 6, 9). The

---

[1](Doc. 19, James Declaration, ¶¶ 1, 11).

defendant does not dispute the plaintiff's designation of these witnesses as "key," nor does it offer any reason why the convenience of witnesses should nevertheless be deemed to favor transfer. *See Robinson v. Giarmarco & Bill*, 74 F.3d at 260 (if transfer would simply shift the inconvenience from one party to the other, a case for transfer has not been made).

Because the defendant insists that the convenience of witnesses is the "most important factor" under Section 1404(a), (Doc. 19 at 8), its inability to show that this factor favors transfer makes its burden of showing that other factors "clearly outweigh" the plaintiff's choice of forum that much more difficult. The defendant gamely attempts to shoulder the load.

First, the defendant correctly notes that the physical evidence — that is, the System and the strapper machine — are located in North Carolina. This is significant, the defendant says, both because experts will be required to inspect the physical evidence and because a view is possible only there. (Doc. 19 at 10-11). Experts are simply witnesses, however, and the defendant has neither identified any nor suggested that they will be more inconvenienced by trying the case in Alabama than in North Carolina.

While the possibility of a view is a relevant consideration "if [a] view would be appropriate to the action,"[2] the defendant has identified no case affording significant independent weight to the possibility of a view. In each of the cases cited by the defendant in which such a possibility was relied on as favoring transfer, both the convenience of witnesses and several other factors had already been judged to support transfer. The defendant's unexplained insistence that a view "will likely [be] require[d]," (Doc. 19 at 11), suggests hyperbole and does not transform this into a significant factor; cases involving defective equipment are routinely decided without a view of the equipment, and the defendant has not articulated how this case is exceptional in that regard. *See Marbury-Patillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974)(discounting a defendant's representation that "it may be invaluable for the jury to make a physical inspection," when no "supporting reasons [were] assigned").

The defendant next notes that an unquantified but "substantial portion of [its] documents

---

[2] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

relevant to this case" are located in Charlotte, North Carolina.  (Doc. 19 at 10).  This may be so, but Charlotte is not in the Eastern District of North Carolina, and the defendant has not explained how, given that it will have to transport documents to any trial venue, this factor favors transfer.  Moreover, the plaintiff has documents relevant to the case that are located in this forum.  (Williamson Affidavit, ¶ 11).  Finally, "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."  *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *see also Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (the defendant failed to show that its documents "could not be sifted through (at his Florida offices) and the probative ones shipped at relatively minor cost to Oklahoma for trial").

The defendant also stresses "the location of the operative facts," which it describes as:  the installation of the System, including the damage to the strapper machine; the discovery of the System's nonconformity to the contract; and the retrofit of the System by a British Columbian company — all of which occurred in North Carolina.  (Doc. 19 at 11).  As with its cases concerning view, the defendant's cases considering the location of the operative facts all had previously found that the convenience of witnesses favored transfer.

At any rate, while some "operative facts" may have arisen in North Carolina, others arose in Alabama.  The defendant's own filings reflect that the primary failing of the plaintiff was not its installation of the System but its design and/or manufacture of the System — which occurred in Alabama.[3]  The same observation disposes of the defendant's argument that a plaintiff's chosen forum is not entitled to great weight "where the cause of action bears little relation to" that forum.  (Doc. 19 at

---

[3]Problems with installation included lateness, failure to install the control panel, and damage to the strapper machine.  (James Declaration, ¶¶ 5-6).  Problems with design and/or manufacture included failure to meet the rated capacity of 18 cycles per minute, and it was this failure that required retrofitting by the Canadian contractor.  (*Id.*, ¶¶ 5, 7).  James declares that the failure to meet rated capacity was "discovered" in North Carolina, (*id.*, ¶ 5), but neither his declaration nor the defendant's counterclaim alleges that the failure did not exist prior to delivery.  On the contrary, the defendant denies that the System passed the pre-delivery tests conducted in Alabama.  (Doc. 4 at 5, ¶ 27; Doc. 6 at 3, ¶ 27).

15).[4]

Next, the defendant argues that North Carolina governs the parties' claims, providing a "strong reason" to transfer the case there. (Doc. 19 at 13). Assuming without deciding that North Carolina does in fact control, the defendant acknowledges that this factor is significant only when the forum court would have to "untangle the problems" in the foreign state's law. (*Id.*). The parties' claims sound in contract and negligence, and the defendant has identified no thorny issue of North Carolina law in these fairly straightforward areas that this Court will be called upon to decide.

Finally, the defendant asserts that the citizens of North Carolina "have a great interest in deciding this dispute because the injuries were sustained in North Carolina." (Doc. 29 at 8). That may be so from the defendant's perspective, but the citizens of Alabama presumably have a similar interest in deciding this dispute because the injury to the plaintiff — nonpayment on a contract — occurred in Alabama. Moreover, that the plaintiff is an Alabama corporation while the defendant is not a North Carolina corporation suggests, if anything, that Alabama's interest in the litigation outweighs that of North Carolina.

## CONCLUSION

For the reasons set forth above, the defendant's motion to transfer is **denied**.

DONE and ORDERED this 10th day of November, 2005.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[4]In fact, most of the cases cited by the defendant support only the proposition that, when *neither* the cause of action *nor* the plaintiff is connected with the forum, the plaintiff's choice of forum will be afforded less deference. Because the plaintiff brought suit in its own forum, these cases are inapposite regardless of the connection between the parties' claims and Alabama. The few cases cited by the defendant that reduced the deference to the plaintiff's choice of forum on a simple showing that the forum was unconnected to the cause of action involved situations in which the convenience of the witnesses weighed heavily in favor of transfer and/or in which there was literally no connection between the lawsuit and the forum — circumstances absent here.