IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MORRIS INDUSTRIAL CORPORATION,** | * * * | |
| Plaintiff, | * * | |
| vs. | * * | CIVIL ACTION 05-00326-WS-B |
| **WEYERHAEUSER COMPANY,** | * * | |
| Defendant. | * | |

## ORDER

This action is before the Court on Plaintiff Morris Industrial Corporation's Motion for Modification of the Court's Scheduling Order (Doc. 43). Based on a careful review of the motion and supporting briefs, Defendant's response in opposition, and the case file, the undersigned finds that Plaintiff has failed to establish good cause for the requested modification; thus, the motion is **DENIED**.

Plaintiff initiated this litigation in April 2005 in the Circuit Court of Mobile County, Alabama. Following removal to this Court by Defendant, the undersigned, on September 27, 2005 entered a Rule 16(b) Scheduling Order (Doc. 16). In the Order, November 14, 2005 was set as the deadline for motions to amend the pleadings and add parties. On January 27, 2006, the parties filed a joint motion requesting modification of the Scheduling Order (Doc. 37). Specifically, the parties requested a thirty-day extension of the deadline for discovery, a thirty-day extension of the deadline for expert disclosures, and a thirty-day extension of time for filing dispositive motions. Additionally, the parties expressly noted that they did not wish to "alter the

1

current trial setting". Upon consideration, the undersigned granted the parties' joint motion, and entered an amended Scheduling Order which included the extended deadlines jointly requested by the parties (Doc. 40). The amended Scheduling Order, entered on January 30, 2006, altered neither the deadline for motions to amend the pleadings, which had elapsed in November 2005, nor the trial setting, because the parties did not request such modifications, or present facts which suggested that any such modifications were necessary.

Courts have both the authority and responsibility for ensuring that cases proceed in a timely manner. Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion"); Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002) ("Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources' and a loss of society's 'confidence in the courts' ability to administer justice.'"), *quoting* Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

District Courts are required to "enter a scheduling order that limits the time to....join other parties and to amend the pleadings..." Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's notes).

In the case at hand, Plaintiff seeks to add three new counts to its complaint. According to Plaintiff, it did not discover the factual basis for the new claims until after it received discovery documents from Defendant on January 13, 2006, and heard witness testimony during the course of the Weyerhaeuser depositions January 18-20, 2006. The undersigned finds Plaintiff's assertions disingenuous in light of the fact that on January 27, 2006, after receipt of the above-referenced documents and completion of the depositions, Plaintiff joined with Defendant in seeking an extension of various pretrial deadlines, and did not apprise either opposing counsel or the Court of the need for any amendments to the complaint. Surely, at that point, Plaintiff was well aware of the need for the amendment, yet was not forthcoming, even though it was in the midst of seeking to have other pretrial deadlines extended. Amazingly, Plaintiff has offered no explanation for its failure to provide this information which would have obviously impacted other deadlines in the Scheduling Order. At this juncture, where an Amended Scheduling Order has been entered at the joint request of the parties, and there are less than two months left in the extended discovery period, the undersigned finds that it would be prejudicial to Defendant, would create scheduling problems, and would necessitate a continuance of the trial date, if Plaintiff were permitted to amend its complaint. Accordingly, the undersigned finds that Plaintiff has failed to establish good cause; thus, Plaintiff's Motion for Modification of the Court's Scheduling Order is **DENIED**.

DONE this **16th** day of **February 2006.**

                                                         /S/  SONJA F. BIVINS
                                                         **UNITED STATES MAGISTRATE JUDGE**