IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MORRIS INDUSTRIAL CORPORATION, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0326-WS-B |
| ) | |
| WEYERHAEUSER COMPANY, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the parties' cross-motions for summary judgment. (Docs. 62, 64).  Both sides seek summary judgment on all claims against them as well as all claims they have asserted against their adversary.  (Docs. 62, 65 at 21).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 63, 65, 66, 68, 70, 72, 76), and the motions are ripe for resolution.   After carefully considering the foregoing and other relevant materials in the file, the Court concludes that both motions are due to be denied.

**BACKGROUND**

The parties entered an agreement whereby the plaintiff Morris Industrial Corporation ("MIC") was to furnish a sorter-stacker system ("the System") to the defendant Weyerhaeuser Company for its New Bern, North Carolina plant.  The contract documents provided for payments to be made to MIC at certain points in the process.  Weyerhaeuser made some of these payments but not others.  MIC argues that it is owed $123,161 representing the final two 10% payments, plus $20,450 for certain additional work, for a total principal amount of $143,611. MIC presses five causes of action with respect to each of these amounts: (1) breach of contract; (2) open account; (3) account stated; (4) goods sold and delivered; and (5) work and labor done. (Doc. 4 at 9-14).  As a final cause of action, MIC alleges that Weyerhaeuser breached its duty of good faith.  (*Id*. at 14). In its five-count counterclaim, Weyerhaeuser alleges causes of action for breach of contract, breach of express and implied warranties, and negligence. (Doc. 6 at 13-16). Weyerhaeuser seeks damages in the principal amount of $611,145.87, consisting primarily of

costs to complete the System, damage to plant property, and lost profits.  (*Id*. at 16).

## CONCLUSIONS OF LAW

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11ᵗʰ Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))(footnote omitted).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11ᵗʰ Cir. 1991)(en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11ᵗʰ Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d at 1116.  "For issues on which the movant would bear the burden of proof at trial, the non-movant, in order to avoid summary judgment, must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact."  *Id*.

"There is no burden upon the district court to distill every potential argument that could

be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). The Court therefore confines its consideration to those arguments the parties have elected to assert expressly.[1]

The parties' contract is embodied in a Purchase Order and certain documents incorporated by reference. The Purchase Order required MIC to provide, inter alia, "PLC programming and Panelview software." (Doc. 65, Exhibit A at MIC 0063). As explained by the parties, PLC programming is the written logic that controls the System, and is required even to turn the System on, while the Panelview software allows the System operator to interface with the monitor, so that settings can be changed other than manually.

The Purchase Order provided for staggered payments of the contract amount tied to specified events and dates. Under the heading, "Payment Terms and Approximate Dates as Follows" is this entry: "10% upon Weyerhaeuser receipt of PLC programming and Panelview screen software 10-18-04 ..... $61,580.00." (Doc. 65, Exhibit A at MIC 0064).

According to MIC, a computer disk containing the Panelview software arrived at Weyerhaeuser's plant on or about November 5, 2004, and PLC programming arrived separately at or about the same time. According to Weyerhaeuser, the software was not able to communicate with the monitor, and the programming, while it did enable the System to sort and stack, did not control certain photo-eye measurements as required. Neither side appears to dispute the facts asserted by the other party as stated above, but they derive different conclusions from them.

MIC argues that it was entitled to receive its 10% payment once the software and programming arrived at Weyerhaeuser's plant. Weyerhaeuser argues that MIC was not so entitled because the programming did not perform all of its functions and the software did not perform its sole function. The parties agree that the resolution of this issue depends upon the

---

[1]The Court's consideration of the parties' motions has been hampered by their somewhat cursory treatment of legal principles that may at trial prove critical to the resolution of their claims. This problem was only exacerbated by the parties' inability to agree on the controlling body of substantive law. The Court encourages the parties to resolve the latter issue before trial and to undertake a more searching analysis of the controlling state's jurisprudence and a more careful application of that law to the evidence and issues in this case.

meaning to be assigned the term "receipt" as used in the clause providing for payment to MIC "upon Weyerhaeuser receipt."  Each side insists that its preferred interpretation is unambiguously correct.

The parties do not agree on which state's substantive law governs.  The Court need not resolve that issue because it does not affect the outcome of the pending motions.  Under the law of both Washington (as urged by Weyerhaeuser) and North Carolina (as advocated by MIC), the threshold issue is whether the contract is ambiguous or unambiguous, and in both states a contract is ambiguous if it is fairly susceptible to more than one reasonable interpretation.  *E.g., William Dickson Co. v. Pierce County*, 116 P.3d 409, 413 (Wash. App. 2005); *Duke Energy Corp. v. Malcolm*, 630 S.E.2d 693, 696 (N.C. App. 2006).  In North Carolina, the Court may not consider extrinsic evidence unless it first determines, relying only on intrinsic evidence, that the provision is ambiguous.  *E.g., Renfro v. Richardson Sports, Ltd.*, 616 S.E.2d 332-33 (N.C. App. 2005).  In Washington, the Court may consider extrinsic evidence in deciding whether the contract is ambiguous.  *Berg v. Hudesman*, 801 P.2d 222, 230 (Wash. 1990)(en banc).  In both states, once a contract has been determined to be ambiguous, its proper interpretation is for the jury if it depends on extrinsic evidence that is disputed as to its credibility or the reasonable inferences to be drawn therefrom.  *Id*. at 229; *Renfro v. Richardson Sports*, 616 S.E.2d at 332-33.

The Court, after reviewing the contract documents and the arguments made by the parties, concludes that the contractual predicate for payment is ambiguous whether gauged by intrinsic evidence only or by intrinsic and extrinsic evidence combined.  Because most of the parties' extrinsic evidence is challenged as to its factual accuracy, its import, or both, the proper interpretation of the circumstances under which MIC could be entitled to the progress payment tied to the programming and software is for the jury.  Thus, neither side is entitled to summary judgment as to whether Weyerhaeuser breached the contract by failing to make this payment.

The parties present a welter of arguments concerning their additional claims for relief but, as the arguments themselves disclose, every one of their claims appears to rely at least in part on the resolution of the threshold issue of whether it was MIC or Weyerhaeuser that

breached the contract with respect to the programming and software.[2]  Certainly the parties have

not explained how the Court can resolve these issues with the antecedent issue undetermined.

Accordingly, the balance of the parties' motions for summary judgment must also be denied.[3]

### CONCLUSION

For the reasons set forth above, the parties' motions for summary judgment are **denied**.


DONE and ORDERED this 11th day of July, 2006.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]The only clear exception appears to be Weyerhaeuser's claim that MIC damaged Weyerhaeuser's strapper machine during installation of the System, which Weyerhaeuser states is pursued under both negligence and warranty theories.  (Doc. 68 at 27-28; *see* Doc. 6 at 13-14). Weyerhaeuser asserts that MIC agreed in discovery to pay for this damage, (Doc. 63 at 15, 26; Williamson III Deposition at 55-56), but for present purposes the issue is whether MIC, in damaging the strapper, either breached a warranty or acted negligently.  The parties have not addressed this issue and so cannot be entitled to summary judgment.

[3]The result is the same whether or not the evidence made the subject of the parties' motions to strike is considered.  Accordingly, those motions to strike, (Docs. 69, 71, 74), are **denied as moot**.